# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIRE A HELPER LLC, a California limited liability company, | CASE NO. 3:17-cv-00711-WQH-JMA |
| Plaintiff, | ORDER |
| v. | |
| MOVE LIFT, LLC, a Texas limited liability company; SIMPLE MOVERS LIMITED LIABILITY COMPANY, a Texas limited liability company; and DOES 1-10, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss for Failure to State a Claim (ECF No. 23) and the Motion for Sanctions (ECF No. 17) filed by Defendants Move Lift, LLC and Simple Movers Limited Liability Company.

## I.      Motion to Dismiss for Failure to State a Claim

### A. Background

On Friday, April 7, 2017, Plaintiff Hire A Helper LLC ("HAH") initiated this action by filing a complaint against Defendant Move Lift, LLC ("Move Lift") and Simple Movers Limited Liability Company[1] ("Simple Movers"). (ECF No. 1).  On May 16, 2017, HAH filed the First Amended Complaint (the "FAC"). (ECF No. 23). The FAC is the operative complaint in this matter.  The FAC asserts claims for relief

_____

[1] The Complaint incorrectly referred to Simple Movers Limited Liability Company as Simple Moving Labor, LLC.  (ECF No. 6).

for copyright infringement, negligent interference with prospective economic advantage, and intentional interference with prospective economic advantage, respectively. *Id.* On May 24, 2017, Defendants filed a Motion to Dismiss for failure to state a claim. (ECF No. 27). Defendants move to dismiss HAH's Second Claim for Relief for negligent interference with prospective economic advantage and HAH's Third Claim for Relief for intentional interference with prospective economic advantage. (*Id.* at 2). On June 12, 2017, HAH filed a Response in Opposition to the Motion to Dismiss. (ECF No. 29). On June 19, 2017, Defendants filed a Reply In Support of the Motion to Dismiss. (ECF No. 30).

## B. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

## C. Allegations of the FAC

HAH "provides an online marketplace where consumers can find, compare and book an independent service provider for loading and unloading rental trucks or storage space." (ECF No. 23 at ¶ 9). In early 2017, HAH was pursuing a contract with Avis Budget Group, Inc. ("Budget") under which "Budget would refer its customers to HireAHelper's online marketplace." *Id.* at ¶ 17. In March, 2017, MoveLift presented a bid for the same contract with Budget "based in part on MoveLift's website, [which] included material intentionally and wrongfully copied from and infringing upon HireAHelper's copyright in HireAHelper's website." *Id.* at ¶ 20.

In support of its Second Claim for Relief for negligent interference with prospective economic advantage, HAH specifically alleges that Defendants "engaged in wrongful conduct by presenting a bid for the Potential Budget Contract that included material wrongfully copied from and infringing upon HireAHelper's copyright in HireAHelper's website." *Id.* at ¶ 38.

In support of its Third Claim for Relief for intentional interference with prospective economic advantage, HAH specifically alleges that Defendants "engaged in wrongful conduct by presenting a bid for the Potential Budget Contract that included material intentionally and wrongfully copied from and infringing upon HireAHelper's copyright in HireAHelper's website." *Id.* at ¶ 47.

**D. Contentions of the Parties**

Defendants contend that HAH's Second and Third Claims for Relief "fail to state a claim upon which relief can be granted, given that they assert state-law [sic] claims that are preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.*" (ECF No. 27 at 2).

HAH contends that the rights asserted in its state law claims are not equivalent to the rights protected by the Copyright Act because "the subject matter of the interference claims is not the subject matter of copyright" and "the gravamen of the . . . interference claims is the disruption of the economic relationship with Budget, not copyright infringement." *Id.* at 9, 11.

**E. Analysis**

"The Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title.'" *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (quoting 17 U.S.C. § 301(a)). In *Laws v. Sony Music Entm't, Inc.*, the Court of Appeals stated that

We have adopted a two-part test to determine whether a state law claim is preempted by the Act. We must first determine whether the "subject matter" of the state law claim falls within the subject matter of copyright

- 3 -

17cv00711-WQH-JMA

as described in 17 U.S.C. §§ 102 and 103. Second, assuming that it does, we must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders.

448 F.3d 1134, 1137-38 (9th Cir. 2006).

In *Kodadek v. MTV Networks, Inc.*, the Court of Appeals concluded that a state law claim falls within the subject matter of the Copyright Act if the work that forms part of the basis of the state law claim can be copyrighted. 152 F.3d 1209, 1213 (9th Cir. 1998). The *Kodadek* Court reasoned that "Kodadek seeks to protect his 1991 drawings. It is undisputed that these drawings are 'pictorial works' that can be copyrighted. 17 U.S.C. § 102(a)(5). Thus, the work that he seeks to protect is clearly a work that falls within the 'subject matter' of the Copyright Act." *Id.*

HAH's state law claims are based upon its allegation that Defendants "engaged in wrongful conduct by presenting a bid for the Potential Budget Contract that included material . . . copied from and infringing upon HireAHelper's copyright in HireAHelper's website." (ECF No. 23 at ¶¶ 38, 47). HAH alleged that the work that forms part of the basis for its state law claims for negligent and intentional interference with prospective economic advantage can be copyrighted. Accepting all of HAH's allegations as true, the work that forms part of the basis for its state law claim for negligent and intentional interference with prospective economic advantage can be copyrighted, and the subject matter of HAH's state law claims falls within the subject matter of copyright.

Deciding whether the right asserted in a state law claim is equivalent to an exclusive right of copyright holder "involves determining whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action 'so that it is *qualitatively* different from a copyright [or patent] infringement claim.'" *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-1440 (9th Cir. 1993) (emphasis and alteration in original) (quoting *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987)). In

- 4 -

*Sybersound Records, Inc. v. UAV Corp.*, the Court of Appeals applied this test to decide whether Sybersound Records, Inc.'s ("Sybersound") cause of action for tortious interference with prospective economic relations was preempted by the Copyright Act. 517 F.3d 1137 (9th Cir. 2008). Sybersound alleged that the defendants "intended to disrupt, and have disrupted, its business relationships with its Customers." *Id.* at 1151. The Court of Appeals recited the elements of tortious interference with prospective economic advantage in California, which include "intentional [wrongful] acts on the part of the defendant designed to disrupt" "an economic relationship between the plaintiff and some third party." *Id.* (alteration in original) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003)). The Court of Appeals concluded that "to the extent an alleged wrongful act by the [d]efendants is based on copyright infringement, it is preempted." *Id.*

The "wrongful conduct" alleged by HAH to support its California state law claims for interference with prospective economic advantage is that Defendants "present[ed] a bid for the Potential Budget Contract that included material . . . copied from and infringing upon HireAHelper's copyright in HireAHelper's website." (ECF No. 23 at ¶¶ 38, 47). This alleged wrongful act is based on Defendants' alleged infringement of HAH's copyright to material on its website. Consequently, the rights asserted in HAH's state-law claims are equivalent to the rights of copyright holders.

Because "the 'subject matter' of [HAH's] state law claim falls within the subject matter of copyright" and "the rights asserted [by HAH] under state law are equivalent to the rights . . . of copyright holders," HAH's claims for negligent and intentional interference with prospective economic advantage are preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006).

**II. Motion for Sanctions**

HAH filed its initial Complaint on Friday, April 7, 2017 (ECF No. 1). The Complaint alleged that Defendants infringed on HAH's copyright to material on HAH's website in an effort to obtain a contract with Budget Truck Rentals, LLC

- 5 -

("Budget"). *Id.* at 3-6. Plaintiff also filed an Ex Parte Application for (1) Temporary Restraining Order; And (2) Order to Show Cause Why Preliminary Injunction Should Not Issue. (ECF No. 2). That same day, this Court issued an Order (1) denying HAH's Ex Parte Application for Temporary Restraining Order, (2) setting April 24, 2017 as the hearing for HAH's Request for a Preliminary Injunction, and (3) setting April 17, 2017 as the deadline for the filing of Defendants' opposition to HAH's Request for a Preliminary Injunction.

On Tuesday, April 11, 2017, Defendants' counsel telephoned HAH's counsel to ask whether HAH intended to proceed with its Request for a Preliminary Injunction in light of the facts that Defendants had removed the allegedly infringing content from their website and Budget had decided to enter into a contract with HAH, not Defendants. (ECF No. 17-1 at 3-4). Budget had not actually awarded the contract to HAH, but had indicated that it intended to do so. (ECF No. 21 at 6). The next day, HAH's counsel informed Defendants' counsel that HAH would withdraw its Request for a Preliminary Injunction if Defendants agreed to HAH's proposed settlement terms. (ECF No. 22 at 5). On Friday, April 14, 2017, Defendants' counsel informed HAH's counsel that Defendants rejected HAH's proposed settlement. (ECF No. 21 at 7). Later that day, HAH moved to take the hearing for their Request for a Preliminary Injunction off the calendar. (ECF No. 9). Defendants' counsel did not receive a Notice of Electronic Filing for HAH's Motion to Take Hearing Off Calendar because Defendants' counsel had not yet appeared in the action. (ECF No. 21 at 8). On Saturday, April 15, 2017, HAH's counsel emailed Defendants' counsel a copy of the Motion. *Id.*

On April 17, 2017, Defendants filed a Motion for Sanctions based on the conduct of HAH and its counsel described above. (ECF No. 17). On May 8, 2017, HAH filed a Response in Opposition to the Motion for Sanctions. (ECF No. 21). On May 15, 2017, Defendants filed a Reply to HAH's Response. (ECF No. 22).

Defendants contend that HAH's conduct "was a bad faith tactic designed merely

to unnecessarily drive up Defendants' defense costs." (ECF No. 17-1 at 4). HAH contends that it did not act in bad faith by not withdrawing its request for a preliminary injunction prior to April 14 considering "the potential remained for renewed infringement and further wrongful competition by Defendants for the yet-to-be finalized contract." (ECF No. 21 at 10). Defendants contend that this "potential . . . is not sufficient to establish irreparable harm" and consequently HAH's request for a preliminary injunction was without merit. (ECF No. 22 at 4).

Whether the potential that Defendants could "renew[] infringement and further wrongful[ly] compet[e]" was sufficient grounds for granting HAH's Request for a Preliminary Injunction was an issue for this Court to decide. (ECF No. 21 at 10). Defendants' request for sanctions is denied.

## III.  CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss HAH's Second Claim for Relief and Third Claim for Relief (ECF No. 27) is GRANTED with prejudice.

IT IS FURTHER ORDERED that the Defendants' Motion for Sanctions (ECF No. 17) is DENIED.

DATED:

10/5/17

**WILLIAM Q. HAYES**
United States District Judge

17cv00711-WQH-JMA