UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIRE A HELPER, LLC,<br><br>                               Plaintiff,<br><br>v.<br><br>MOVE LIFT, LCC and SIMPLE MOVERS LIMITED LIABILITY COMPANY,<br><br>                               Defendants. | Case No.: 17-cv-0711-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss (ECF No. 45) filed by Plaintiff Hire A Helper, LLC.

**I.    Background**

      On April 7, 2017, Plaintiff Hire A Helper, LLC initiated this action by filing a Complaint against Defendants Move Lift, LLC and Simple Movers Limited Liability Company. (ECF No. 1). The Complaint brought claims for copyright infringement and unfair competition based on material on the Defendants' websites that Plaintiff alleged infringed on Plaintiff's copyrights. *Id.* Plaintiff also filed an Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause Why Preliminary Injunction Should Not Issue (ECF No. 2). That same day, the Court denied Plaintiff's request for a temporary restraining order, and set a hearing on Plaintiff's request for a preliminary injunction for April 24, 2017. (ECF No. 5).

1

"[O]n or before April 9, 2017 all allegedly infringing content that [Defendants] were able to identify from Plaintiff's allegations as a purported copy of allegedly copyright-protected material was removed from [Defendants'] websites." Declaration of Rod Dias, ECF No. 15, at ¶ 5. On April 14, 2017, Plaintiff filed a motion to take the hearing on Plaintiff's request for a preliminary injunction off of the Court's calendar (ECF No. 12) (the "Motion to Take Hearing off Calendar"). The Motion to Take Hearing off Calendar was based, in part, on "Defendants hav[ing] represented they have removed from their websites the material on which the ex parte application [for a preliminary injunction] was based." *Id.* at 1. On April 17, 2017, Defendants filed an Opposition to Plaintiff's Application for Preliminary Injunction. (ECF No. 13). On April 18, 2017, the Court issued an Order granting the Motion to Take Hearing off Calendar and denying Plaintiff's request for a preliminary injunction. (ECF No. 18).

On April 17, 2017, Defendants filed a Motion for Sanctions based on

(1) Plaintiff and its counsel's refusal to withdraw its motion for preliminary injunction despite the sole basis for harm argued therein ceasing to exist and Defendant[s'] counsel notifying Plaintiff as such;
(2) unilaterally filing a Motion to Take Hearing Off Calendar due to the very reasons that Defendants informed Plaintiff's counsel of, but failing to notify Defendant[s'] counsel of this Motion until the Saturday of a holiday weekend—when the opposition to the motion for preliminary injunction was due that following Monday (see Dkt. 12); and
(3) Plaintiff's refusal to grant an extension of time for Defendants' counsel to oppose the motion for preliminary injunction.

ECF No. 17 at 2 (footnote omitted). On May 8, 2017, Plaintiff filed a Response to the Motion for Sanctions. (ECF No. 21). On May 15, 2018, Defendants filed a Reply in Support of the Motion for Sanctions. (ECF No. 22).

On April 25, 2017, Defendants filed a motion to dismiss Plaintiff's claim for unfair competition (ECF No. 19) ("Defendants' First Motion to Dismiss"). On May 16, 2017, Plaintiff filed a First Amended Complaint (ECF No. 23) (the "FAC"). The FAC does not bring a claim for unfair competition but does bring claims for negligent and intentional interference with prospective economic advantage. *See* ECF No. 23. On May 24, 2017,

Defendants filed a motion to dismiss Plaintiff's claims for negligent and prospective interference with prospective economic advantage (ECF No. 27) ("Defendants' Second Motion to Dismiss"). On June 12, 2017, Plaintiff filed a Response to Defendants' Second Motion to Dismiss. (ECF No. 29). On June 19, 2017, Defendants filed a Reply in Support of Defendants' Second Motion to Dismiss. (ECF No. 30).

On October 6, 2017, the Court issued an Order denying the Motion for Sanctions and granting Defendants' Second Motion to Dismiss. (ECF No. 37). On October 13, 2017, Defendants filed an Answer to the FAC. (ECF No. 38).

The parties began discussing a possible settlement in September 2017, and engaged in settlement negotiations between November 2017 and January 2018. Declaration of David Lee, ECF No. 46-1, at ¶ 2; Declaration of Duane Horning, ECF No. 47-1, at ¶ 5. On January 17, 2018, Plaintiff decided to terminate settlement discussions. Horning Decl. at ¶ 6; Lee Decl. at ¶ 2.

On January 24, 2018, Plaintiff filed a Motion for Dismissal Without Prejudice (ECF No. 45) ("Plaintiff's Motion to Dismiss"). On February 12, 2018, Defendants filed a Response in Opposition to Plaintiff's Motion to Dismiss. (ECF No. 46). On February 16, 2018, Plaintiff filed a Reply in Support of Plaintiff's Motion to Dismiss. (ECF No. 47).

## II. Contentions of the Parties

The parties agree that the Court should dismiss Plaintiff's action without prejudice. (ECF No. 45-1; ECF No. 46 at 5). Plaintiff contends that the Court should not impose any conditions on a dismissal without prejudice because "Defendants will not suffer any cognizable 'legal prejudice' from dismissal of the action." (ECF No. 45-1 at 7). Defendants request that any order granting dismissal without prejudice be conditioned upon Plaintiff's payment of $69,632.50 in costs and attorney fees. (ECF No. 46 at 9). Defendants contend that $69,632.50 represents their "legal efforts and expenses to date that will be wasted if and when Plaintiff files a second duplicative action based on a dismissal without prejudice." *Id.* Defendants itemize their expenses as follows:

| Task | Amount Spent |
|---|---|
| Briefing Plaintiff's request for a preliminary injunction and the Motion for Sanctions | $44,116.50 |
| Briefing Defendants' First Motion to Dismiss | $3,066.00 |
| Briefing Defendants' Second Motion to Dismiss | $4,258.50 |
| Preparing Defendants' Answer to the FAC | $2,744.00 |
| Negotiating a settlement | $6,836.50 |
| Briefing Plaintiff's Motion to Dismiss | $8,611.00 |

Lee Decl. at ¶ 6.

Defendants contend that "Plaintiff's request for dismissal without prejudice leaves Defendants at risk of a second, duplicative litigation." (ECF No. 46-1 at 8). Defendants contend that, if Plaintiff does file another action reasserting the claim at issue in this case, the $69,632.50 of legal work discussed above "would be wasted" because it "is not the type of material that could or would be re-used in subsequent litigation." *Id.* Defendants contend that "[t]his case is not in its infancy" considering it was initiated in April 2017 and five motions have been filed. (ECF No. 46 at 9). Defendants contend that "Plaintiff has not been diligent in moving to dismiss" because Plaintiff "was on notice that the allegedly-infringing material had been removed by no later than April 11, 2017." (ECF No. 46).

Plaintiff contends that "litigation of this case is still in the early stages" considering no summary judgment motions have been filed, no discovery has been conducted, and no trial date has been set. (ECF No. 47 at 8). Plaintiff contends that it was diligent in moving to dismiss because the parties were engaged in settlement negotiations from September 2017 through January 2018 and "[o]nce Plaintiff learned that settlement was not going to be consummated, it moved to dismiss the action." (ECF No. 47 at 7).

### III. Discussion

Plaintiff seeks an order dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (ECF No. 45 at 1). Under Rule 41(a)(2), "an

4

action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice," and therefore does not justify denying a motion to dismiss brought under Rule 41(a)(2). *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Expenses incurred by defendants do not justify denying a Rule 41(a)(2) motion to dismiss because "[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id.* "Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however." *Id.* (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Id.* (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).

> In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors:
> (1) any excessive and duplicative expense of a second litigation;
> (2) the effort and expense incurred by a defendant in preparing for trial;
> (3) the extent to which the litigation has progressed; and
> (4) the plaintiff's diligence in moving to dismiss.

*Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *4 (N.D. Cal. Mar. 13, 2012) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005)).

Factors one and two weigh against imposing conditions on the dismissal of this case because Defendants may be able to use the legal work produced in this case in any subsequent, duplicative litigation. Factor three weighs against imposing conditions on the dismissal of this case because this case is still in its early stages. Factor four also weighs

against imposing conditions on the dismissal of this case because Plaintiff was diligent in moving to dismiss: while Plaintiff has been aware that Defendants removed the allegedly infringing material from their websites since April 2017, (ECF No. 12 at 1), and Plaintiff did not move to dismiss this case until January 24, 2018, (ECF No. 45), motions were pending before the Court from April 2017 through October 6, 2017, (ECF Nos. 17, 27, 37), and the parties participated in settlement discussions from September 2017 through January 17, 2018, Lee Decl. at ¶ 2; Horning Decl. at ¶¶ 5–6. Accordingly, the Court declines to impose any conditions on the dismissal of this case without prejudice.

## IV. CONCLUSION

Plaintiff's Motion to Dismiss (ECF No. 45) is GRANTED. The FAC (ECF No. 23) is DISMISSED without prejudice.

Dated: April 17, 2018

Hon. William Q. Hayes
United States District Court